NUMBER 13-00-250-CR


COURT OF APPEALS


THIRTEENTH DISTRICT OF TEXAS


CORPUS CHRISTI


__________________________________________________________________

JOSE HUMBERTO OLIVA, Appellant,

v.


THE STATE OF TEXAS, Appellee.

__________________________________________________________________

 On appeal from the 24th District Court of Calhoun County, Texas.

______________________________________________________________

O P I N I O N


Before Justices Yañez, Castillo, and Kennedy (1)


Opinion by Justice Kennedy


Appellant was indicted for possession of marijuana of one thousand pounds or less but more than fifty
pounds. He was convicted of the lesser offense of possession, less than fifty pounds and more than five
pounds. The jury which found him guilty assessed his punishment at confinement for ten years. 

Appellant was driving a truck and camper on Highway 35 in Calhoun County when he was stopped by a
Calhoun County officer. A female was in the seat of the truck next to appellant, and two small children
and appellant's wife were in the camper. A search of the camper revealed a closed compartment in the
ceiling which contained a large quantity of marijuana. At trial, appellant denied knowing that the
marijuana had been placed in the truck, although he told the officer at the scene of the arrest that the
marijuana was his. The stop and search are not questioned in this appeal. Appellant's sole point of error
alleges ineffective assistance of counsel because trial counsel stipulated in the presence of the jury that
the weight of the marijuana was less than fifty but more than five pounds.

During the trial, the arresting officer testified that the contraband seized was forty-seven packages of
marijuana. Each package was wrapped first in plastic, following which it was smeared in petroleum
jelly. (2) Each package was then re-wrapped in more plastic. The officers first weighed the packages
separately and added the weights together, which produced a total weight of slightly more than fifty
pounds. The contraband was subsequently re-weighed, this time divided into five separate portions, each
portion of which was weighed in a plastic bag. The result this time was more than the first weighing
produced. The officer testified that in neither weighing was the weight of the packages or the plastic
bags considered. When this evidence was contested in court, the state began the laborous task of
opening each package in the presence of the jury in order to weigh only the marijuana. Outside the
hearing of the jury, the state offered to appellant's counsel the stipulation which is the subject of the
point of error. Trial counsel accepted the state's offer and entered into the stipulation. The stipulation did
not contain an admission that the marijuana belonged to the appellant.

We judge ineffective assistance of counsel by the two-part standard first set out in Strickland v.
Washington, 466 U.S. 668 (1984) and confirmed by this state in Hernandez v. State, 726 S.W.2d 53
(Tex. Crim. App. 1986). Basically, the standard requires appellant to show (1) that counsel's performance
was deficient, and (2) that but for counsel's unprofessional errors, the result of the proceeding would
have been different. A review of counsel's performance will be highly deferential, Garcia v. State, 887
S.W.2d 862, 880 (Tex. Crim. App. 1994). In addition, a reviewing court will employ a strong
presumption that counsel's conduct constituted sound trial strategy. Miniel v. State, 831 S.W.2d 310,
323 (Tex. Crim. App. 1992). 

Appellant has failed both parts of the Strictland test. Counsel did the wise thing in accepting the state's
stipulation because it reduced the charge from second degree felony, as charged in the indictment, to third
degree felony. It would have been only a minor inconvenience to the state to weigh the marijuana free of
the packaging, and the result might have exceeded fifty pounds. 

The second part of the Strickland test, appellant also failed, i.e., that but for counsel's unprofessional
conduct, the result would have been different. The result might have been different, but in the wrong
direction. The marijuana might have weighed more than fifty pounds. Also, it can't help your case to
have the state open forty-seven bags of marijuana in front of the jury.

The record indicates that trial counsel did the best he could with what he had. We overrule the single
point of error and AFFIRM the trial court's judgment. 

NOAH KENNEDY

Retired Justice


Do not publish. Tex. R. App. P. 47.3.

Opinion delivered and filed

this the 16th day of August, 2001.

1. Retired Justice Noah Kennedy assigned to this Court by the Chief Justice of the Supreme Court of Texas pursuant to Tex.
Gov't Code Ann. § 74.003 (Vernon 1998). 
2. To mask the smell of marijuana.